### KLEBOLD PRESS v. ELMORE.

(Supreme Court, Appellate Term, First Department. January 7, 1915.)

CONTRACTS (§ 94*)—FRAUD—PROMISSORY MISREPRESENTATIONS.

Misrepresentations, promissory in their nature, are not a basis for defense of fraud to a written contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 420–430, 1160, 1164, 1165; Dec. Dig. § 94.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Klebold Press against Edward N. Elmore. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

I. Gainsburg, of New York City, for appellant.
Emery C. Weller, of New York City, for respondent.

LEHMAN, J. The plaintiff sued upon a written contract. The answer set up a general denial, and attempted to set forth fraudulent misrepresentations; but all these alleged misrepresentations were promissory in their nature, and, if made, could give rise to no defense of fraud. Nevertheless, the learned trial justice admitted evidence as to these so-called misrepresentations, and gave judgment for the defendant.

The appellant now urges that this testimony was clearly incompetent, for, even if true, it would tend only to vary the contract, and would give no ground for its avoidance. The point raised by it is clearly correct, and the respondent does not, in his brief, even argue against this position, but urges merely that the proof shows that the plaintiff failed to comply with the written contract. The plaintiff has, however, sufficiently shown performance of the contract, and the judgment is evidently based upon the proof of alleged misrepresentations. It follows that the judgment must be reversed.

Judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.